Marty Romine
3809 Cody Road
Sherman Oaks , Ca 91403

**Defendant in pro per**

_ No phone _

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

The bank of new york mellon trust company,
Na,successor to the bank of new york trust, company,
Na,As trustee, for the chase mortgage finance corporation
Multi-Class Mortgage  Pass-Through certificates,series 2007-S6

**PLAINTIFF,**

**VS.**

Maya Nudel,Paul Grain,Anthony Lopez,felipe
Flores, heriberta flores, maria rivas , Judy Simon ,
Carlos Alvarado, Alfredo Flores frias, Maria Sinutko,
Maya Flores and

**DOES 1 TO 10 inclusive**

**DEFENDANTS**

**NOTICE OF REMOVAL**
[28 USC 1441, 1446 1441
Calif. CCP 430.90]

CV20 - 1905 - AB(PJWX)

from the **LOS ANGELES County
Superior Court.**
Case #

19VEUD01012

Defendants allege:

**PARTIES AND COUNSEL**

1. **Defendants**    Marty Romine              , and Plaintiff

The bank of new york mellon trust et al

are those parties in a California State Court filed

in the **LOS ANGELES** County Superior Court, **NorthWest District -Van Nuys -
Courthouse East**

**COURTHOUSE,** concerning real property located at

3809 Cody Road,,Sherman Oaks ,Ca 91403

1

[NOTICE OF REMOVAL]

1   2.   Defendant   Marty Romine   is the former

2   of the premises, two participants in this litigation.

3   3. Whereas this action was filed in California State Cour

4   against the former tenant of the premises, Defendant

5   Marty Romine   is a Bona

6   fide tenant under the "Protecting Tenants at

7   Foreclosure Act"

8   4. Plaintiff is represented by Counsal in the State Court

9   Wright,Finlay & Zak,LLP
Cori B. Jones,Esq., SBN 261018
Nicholas G Hood, esq.,SBN 238620
4665 MacArthur Court, Suite. 200
Newport Beach ,Ca  92660

10

11

12   Federal Question

13   5. Plaintiff has actually filed a Federal Question action

14   State Court, for which the State Court Action is remov

15   under 28 U.S.C. 1441 et seq. and *Mauer v. Philip Morris USA,*

16   F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

17

18   6. New federal legislation effective May 21, 2009, as am

19   July, 2010, as Public Law 111-203, the "Protecting Ten

20   Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter

21   preempted State Law as to bona fide Residential tenant

22   foreclosed Landlords [*Florida Lime & Growers, Inc* v. Paul,   373

23   132, 142-43 (1963) (concept of limited preemption)]

24

25   a. Whereas under California Law, a foreclosure

26   automatically terminated any junior agreemen

27   *of America V. Hirsh Merc. Co.* (1944) 64 Cal App 2d 1

28

3

rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

1   Thus, in order to evict a bona fide residential tenant of a

2   foreclosed Landlord, Plaintiff was required to state a cause of

3   action under the PTFA, but sought to avoid those

4   protections by filing this action as an "Unlawful Detainer" by

5   artful pleadings in State Court.

6

7   8.   A well-pleaded complaint is shown at least where the

8   Plaintiff's right to relief necessarily depends on resolution

9   of a substantial question of Federal Law. *Armstrong v. N.*

10  *Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire*

11  *Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax*

12  *Bd. v. Const. Laborers.Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983).

13  Here, the complaint is based upon the PTFA, but it was

14  brought in Superior Court Court, and misnomered "Unlawful

15  Detainer."

16

17  9.   Even where the cause of action is based on state law, the

18  district court has subject matter jurisdiction over the case

19  if (1) the federal issues are essential to the claims, (2)

20  there is a substantial federal issues in resolving such

21  issues, and (3) a Federal forum may entertain the state law

22  claims without disturbing the balance of federal and state

23  judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r &*

24  *Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential

25  to the right of possession, Congress passed the PTFA to

4

express its substantial interest in such issues, and the

"balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept.*

*of Health and Envtl Quality* 213 Fed. 3d 1108, 1114 (9th, 2000)], the

complaint attempts to state a cause of action in PTFA

ejectment, and cannot state a cause of action in State

unlawful detainer. The PTFA is that substantial question of

law. The Plaintiff cannot defeat removal by omitting

necessary federal question of law. The plaintiff cannot

defeat removal by omitting necessary federal questions in the

Complaint.

11. To be a federal cause of action, there must also be a

private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US

804, 817 (1986). It can be either express or implicit. *Diaz v.*

*Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court

must look to the "rights creating" language and statutory

structure within which it is contained. *Lamie v. United States Trustee*

540 US 526, 534 (2004). The Court must assume that Congress

did not intend to create a right without a remedy. *First Pacific*

*Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of *Cort V. Ash* 422 US 66 (1975) are

satisfied

   a.                                    C is a member of

        a protected

5

[NOTICE OF REMOVAL]

class for whom the status, the "Protecting Tenants

at Foreclosure Act" was created.

b.   The rights-creating language of the PTFA, its

context, and the legislative history. *Opera Plaza*

*Residential Parcel Homeowners Assn. v. Hoang*, 376 Fed. 3d 831,

836 (2004), 9th Cir) are underscored by

  i.  The language of the PTFA, particularly

     702(a),

  ii. The lack of any other specified

     enforcement mechanism [*First Pacific Bancorp Inc. v.*

     *Helfer* 224 Fed 3d 1117m 1123 (200, 9th

     Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d,

     1019, 1024 (9th, 2007)], and

  iii. The legislative history.

c. The cause of action is consistent with the

underlying purpose of the law: balancing the rights

of the parties.

d. The "traditional status" of evictions as a state

cause of action is the weakest of the criteria [*First*

*Pacific Bancorp, Inc.* v. *Helfer,* 224 F. 3d 1117, 1127 (9th

Cir. 2000)], particularly where here, as in Civil

Rights legislation, Congress intended to occupy the

filed and break tradition, with a bold new law

intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

[NOTICE OF REMOVAL]

17. Defendant, Marty Romine is bona fide tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

DATED: —    2/26/20

Marty Romine    In Pro Se

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is:

9010 Tobias Ave. # 104, Panorama City , Ca. 91402

On      2/26/20       I served the foregoing document(s) described as: NOTICE OF REMOVAL to the following parties:

Wright,Finlay & Zak,LLP
Nicholas G Hood, esq.,SBN 238620
Cori B. Jones,Esq., SBN 261018
4665 MacArthur Court, Suite. 200
Newport Beach ,Ca  92660

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Long Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:         2/26/20

Pedro Arreguin

Electr...    ...LED by Superior Court of California, County of Los Angeles on 04/16/2019 04:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Marquez,Deputy Clerk
19VEUD01012
Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Emily Garcia Uhrig

1  WRIGHT, FINLAY & ZAK, LLP
   Cori B. Jones, Attorney, SBN 261018
2  Nichole L. Glowin, Attorney, SBN 262932
   4665 MacArthur Court, Suite 200
3  Newport Beach, CA 92660
   Tel: (949) 477-5050; Fax: (949) 608-9142
4  cjones@wrightlegal.net
5  nglowin@wrightlegal.net

6  Attorney for Plaintiff,
   THE BANK OF NEW YORK MELLON TRUST COMPANY, NA, SUCCESSOR TO THE BANK OF
7  NEW YORK TRUST COMPANY, NA, AS TRUSTEE, FOR THE CHASE MORTGAGE FINANCE
8  CORPORATION MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-
   S6

9

10                          SUPERIOR COURT OF CALIFORNIA

11                             COUNTY OF LOS ANGELES

12

13  THE BANK OF NEW YORK MELLON TRUST )    Case No.:
14  COMPANY, NA, SUCCESSOR TO THE BANK )
    OF NEW YORK TRUST COMPANY, NA, AS  )   VERIFIED COMPLAINT FOR
15  TRUSTEE, FOR THE CHASE MORTGAGE    )   UNLAWFUL DETAINER AND
    FINANCE CORPORATION MULTI-CLASS    )   DAMAGES. "ACTION BASED ON
16  MORTGAGE PASS-THROUGH             )    CODE OF CIVIL PROCEDURE
17  CERTIFICATES, SERIES 2007-S6,      )   SECTION 1161a"
                                       )     [UNDER $10,000.00]
18              Plaintiff,             )
19       vs.                           )
                                       )
20  MAYA NUDEL, PAUL GRAIN, ANTHONY    )
    LOPEZ, FELIPE FLORES, HERIBERTA    )
21  FLORES, MARIA RIVAS, JUDY SIMON,   )
22  CARLOS ALVARADO, ALFREDO FLORES    )
    FRIAS, MARIA SINUTKO, MAYA FLORES  )
23  and DOES 1-10 inclusive,           )
                                       )
24                                     )
                Defendants.            )
25                                     )

26       Plaintiff, THE BANK OF NEW YORK MELLON TRUST COMPANY, NA, SUCCESSOR TO

27  THE BANK OF NEW YORK TRUST COMPANY, NA, AS TRUSTEE, FOR THE CHASE

28

                                        1

MORTGAGE FINANCE CORPORATION MULTI-CLASS MORTGAGE PASS-THROUGH

CERTIFICATES, SERIES 2007-S6  ("Plaintiff"); alleges:

    1.    Plaintiff is, and was at all times mentioned herein, a business organization/entity authorized to do business and doing business within the State of California.

    2.    Plaintiff is informed and believes and thereon alleges that Defendants MAYA NUDEL and DOES 1-10, inclusive ("Defendants") are individuals, who reside at or are otherwise in possession of the property commonly known as 3809 CODY ROAD, LOS ANGELES, CALIFORNIA 91403 (GARAGE UNIT) AKA 3809 CODY ROAD, SHERMAN OAKS, CALIFORNIA 91403 (GARAGE UNIT) together with detached garage and separate structures, if any ("Property"), which Property is located within this judicial district.

    3.    Plaintiff seeks to recover possession of the Property by this action.

    4.    The true names or capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

    5.    Plaintiff is the true and lawful owner of the Property as evidenced by that certain Trustee's Deed Upon Sale recorded in the office of the County Recorder of LOS ANGELES County in the State of California, a true copy of which is attached as Exhibit "1" and incorporated herein by reference. As stated in said Deed, Plaintiff was the successful bidder at the Trustee's Sale held pursuant to the laws of the State of California and the power of sale granted in the Deed of Trust described in Exhibit "1".

    6.    After Plaintiff acquired title to the Property, Plaintiff caused to be duly served on Defendants a written notice requiring them to quit and deliver up possession of the Property to Plaintiff within the time period set forth in such notice ("Notice to Quit"), a true copy of which is attached as Exhibit "2" and incorporated herein by reference. Proofs of Service evidencing lawful service by a registered process server of the Notice to Quit on the Defendants are attached collectively as Exhibit "3".

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES

EXHIBIT

1      7.    Plaintiff is informed and believes that this Property is either not subject to the Los

2  Angeles Rent Stabilization Ordinance ("LARSO") or that there is just cause to evict under the LARSO.

3      8.    As of the date hereof, the time to deliver up possession of the Property as set forth in the

4  Notice to Quit has expired, but Defendants have failed and refused to deliver up possession as demanded

5  by the Notice to Quit.

6      9.    Defendants continue in possession of the Property without Plaintiff's permission or

7  consent.

8      10.   The reasonable value of the use and occupancy of the Property shall be shown according

9  to proof at trial but Plaintiff is informed and believes and based thereon alleges that the reasonable rental

10  value is at least $50.00 per day and holdover damages have accrued at that rate since the expiration of

11  the Notice to Quit and will continue to accrue at that rate so long as Defendants, and each of them,

12  remain in unlawful possession of the Property.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES

EXHIBIT

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

2         1.      Restitution and possession of the Property to Plaintiff;

3         2.      For an Order directing Defendants to quit and deliver up possession of the Property to

4    Plaintiff;

5         3.      Holdover Damages according to proof commencing upon the expiration of the Notice to

6    Quit and continuing each day thereafter that Defendants continue in unlawful possession of the Property

7    up to the date of entry of judgment herein;

8         4.      For an order terminating the lease, if any, under which Defendants occupy the premises;

9         5.      Costs of suit herein; and,

10        6.      Such other and further relief as the court deems just and proper.

11                                     Respectfully Submitted,

12                                     WRIGHT, FINLAY & ZAK, LLP

13   Dated: April 11, 2019             By: _____
                                           Cori B. Jones, Esq.
14                                         Attorney for Plaintiff, THE BANK OF NEW YORK
                                           MELLON TRUST COMPANY, NA, SUCCESSOR TO
15                                         THE BANK OF NEW YORK TRUST COMPANY,
                                           NA, AS TRUSTEE, FOR THE CHASE MORTGAGE
16                                         FINANCE CORPORATION MULTI-CLASS
                                           MORTGAGE PASS-THROUGH CERTIFICATES,
17                                         SERIES 2007-S6

18

19

20

21

22

23

24

25

26

27

28

4

**VERIFICATION**

STATE OF CALIFORNIA    )
                       )
COUNTY OF ORANGE       )

I, Cori B. Jones, Esq. declare:

I am an attorney at law duly admitted and licensed to practice before all courts of this State and I am an associate of Wright, Finlay & Zak, LLP which is located at 4665 MacArthur Court, Suite 200, Newport Beach, County of Orange, California 92660, the attorney of record for THE BANK OF NEW YORK MELLON TRUST COMPANY, NA, SUCCESSOR TO THE BANK OF NEW YORK TRUST COMPANY, NA, AS TRUSTEE, FOR THE CHASE MORTGAGE FINANCE CORPORATION MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-S6 I make this Verification as Plaintiff has no officers in said county who have personal knowledge of this matter.

I have read the foregoing Complaint and know its contents.

I am informed and believe and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification is executed at Newport Beach, California on April 11, 2019.


_____
Cori B. Jones, Esq.
Attorney for Plaintiff, THE BANK OF NEW YORK
MELLON TRUST COMPANY, NA, SUCCESSOR
TO THE BANK OF NEW YORK TRUST
COMPANY, NA, AS TRUSTEE, FOR THE
CHASE MORTGAGE FINANCE CORPORATION
MULTI-CLASS MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-S6

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES

EXHIBIT "2 /1

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*    TELEPHONE NO.: 3107738290<br><br>Marty Romine<br>3809 Cody Road<br>Sherman Oaks , Ca 91403<br><br>ATTORNEY FOR *(Name):* Pro per | *FOR COURT USE ONLY*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**FEB 11 2020**<br><br>SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK OF COURT<br>BY   Soraya Romero   , DEPUTY |

**NAME OF COURT:** Superior Court of California, County of Los Angeles
**STREET ADDRESS:**    6230 Sylmar Avenue, Room 107
**MAILING ADDRESS:**
**CITY AND ZIP CODE:**    Van nuys , California 90401
**BRANCH NAME:**    Van Nuys, courthouse ( East)

Plaintiff:The bank of new york mellon trust    Na,successor to the bank of new york trust,et al
Defendant:Maya Nudel,Paul Grain,Anthony Lopez,felipe    Flores, heriberta flores, maria rivas , et al.

| | |
|---|---|
| ## PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | CASE NUMBER:<br>19VEUD01012 |
| **Complete this form only if ALL of these statements are true:**<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):* Marty Romine
2. I reside at *(street address, unit no., city and ZIP code):*

    3809 Cody Road,,Sherman Oaks ,Ca 91403

3. The address of "the premises" subject to this claim is *(address):*

    3809 Cody Road,,Sherman Oaks ,Ca 91403

4. On *(insert date):*    04/16/2019    , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $                or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [Rev. June 15, 2015]    **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**    Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

**CP10.5**

| | CASE NUMBER: |
|---|---|
| **Plaintiff:** The bank of new york mellon trust        Na,successor to the bank of new york trust,et al | 19VEUD01012 |
| **Defendant:** Maya Nudel,Paul Grain,Anthony Lopez,felipe        Flores, heriberta flores, maria rivas , et al. | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:

   a. [ ] an oral or written rental agreement with the landlord.

   b. [ ] an oral or written rental agreement with a person other than the landlord.

   c. [X] an oral or written rental agreement with the former owner who lost the property to foreclosure.

   d. [ ] other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date: 3/12/20

Marty Romine
**(TYPE OR PRINT NAME)**

**(SIGNATURE OF CLAIMANT)**

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

### — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

For your protection and privacy, please press the Clear This Form button after you have printed the form.